IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SYDNEY MARTS<br><br>                **Plaintiff**<br><br>v.<br><br>JOHN DOE, SUPERVISOR OF FULTON COUNTY PROBATION DEPARTMENT, and JOHN DOE, SUPERVISOR FO ORANGE COUNTY PROBATION DEPARTMENT<br><br>                **Defendants.** | 1:07-cv-1679-WSD |

## OPINION AND ORDER

Plaintiff Sydney Marts ("Marts") has been allowed to proceed *in forma pauperis* in the instant *pro se* civil action. The matter is now before the Court for a frivolity determination under 28 U.S.C. § 1915(e)(2)(B). A federal court should dismiss an *in forma pauperis* complaint if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Under this standard, a district court may dismiss, *sua sponte,* claims premised on meritless legal theories or that clearly lack any factual basis. Denton v. Hernandez, 504 U.S. 25, 27 (1992). A claim is frivolous "where it lacks an arguable basis

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325(1989).

Marts's complaint appears to allege that the Fulton County Probation Department seeks to banish him from the state of Georgia.[1] Marts asks for injunctive relief prohibiting this banishment as a violation of his federal rights. "Banishment is authorized in Georgia only as a reasonable condition of probation or suspension of sentence." Sanders v. State, 577 S.E. 2d 94, 96 (Ga. Ct. App. 2003).

Marts appears to state an actionable, non-frivolous claim insofar as his complaint states that he has been banished in violation of state and federal constitutional guarantees of due process. Marts seeks injunctive relief, and does not appear to claim monetary damages against the public entity defendants in this suit. Assuming that Marts seeks to challenge an actual order of banishment, the complaint does not appear to be frivolous.

The docket indicates, however, that mail sent by this court to Marts has been returned as undeliverable, indicating that the address Marts has left on file with the

---

[1] It may be that the probation office only seeks to transfer supervision of Marts's probation to Florida. For the purposes of this frivolity review, however, the Court accepts the allegations of the complaint on its face and assumes that Marts refers to efforts to banish him to Florida.

Court is incorrect.[2]  Local Rule 41.2(C) states, "[t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice. . . ."  Because Marts has failed to keep the clerk's office informed of his address, and this failure impedes further processing of his suit, the Court dismisses his case without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Complaint [2] is **DISMISSED WITHOUT PREJUDICE**.  The Clerk's office shall attempt to serve this Order on Plaintiff by mail and to notify him by telephone at the address and telephone number currently on file with the clerk's office.  Plaintiff can reopen this suit by filing a notice with the Court that he has provided the clerk's office with correct contact information.

---

[2] The clerk's office attempted to mail Marts a copy of the Magistrate Judge's Order granting his application for leave to proceed *in forma pauperis*.at the address listed on the complaint.  The attempted service was returned as undeliverable.

**SO ORDERED** this 29th day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE